```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        WESTERN DIVISION


James D. Sudberry,            )
                              )
            Petitioner,       ) Case No. 1:03-CV-537
                              )
    vs.                       )
                              )
Edwin C. Voorhies, Jr.,       )
                              )
            Respondent.       )
```

O R D E R

This matter is before the Court on Magistrate Judge Hogan's Report and Recommendation of December 19, 2007 (Doc. No. 52) recommending that an evidentiary hearing be held on Ground D of Petitioner's habeas petition and recommending that Petitioner's remaining claims be dismissed as either procedurally defaulted or meritless, and Petitioner's objections to the Report and Recommendation (Doc. No. 55).  For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Hogan's Report and Recommendation**.** This matter is **REMANDED** to Magistrate Judge Hogan to conduct an evidentiary hearing on Ground D of Petitioner's habeas petition, with further instructions that counsel be appointed to represent Petitioner at this hearing.

Magistrate Judge Hogan thoroughly explained the factual and procedural background of this case in his Report and Recommendation. The Court, therefore, will only briefly summarize the facts needed to resolve Petitioner's objections to the Report and Recommendation.

Petitioner is a prisoner at Southern Ohio Correctional Facility serving a sentence of fifteen years to life imprisonment following his October 2000 conviction for murder in the Butler County, Ohio Court of Common Pleas. Petitioner raised two assignments of error in his direct appeal to the Ohio Court of Appeals. Both of those claims of error were overruled. Petitioner failed to file a timely appeal to the Supreme Court of Ohio and his petition to file a delayed appeal was later denied.

In 2003, proceeding pro se, Petitioner initiated in this Court the instant habeas proceedings pursuant to 28 U.S.C. § 2254. Petitioner raised four claims in nine delineated grounds for relief: trial counsel was ineffective for proceeding to trial after conferring with Petitioner's family rather than pursue a plea bargain as requested by Petitioner (Grounds A & B); the grand and petit juries were unconstitutionally impaneled (Grounds C & H); trial counsel was ineffective for failing to follow through on plea negotiations and coercing Petitioner into pleading not guilty by reason of insanity or self-defense (Grounds D & I); the evidence was insufficient to sustain his

murder conviction due to certain mitigating evidence (Grounds E, F & G).  The case was administratively stayed for a time while Petitioner exhausted his state post-conviction relief remedies.

The case was reopened in January 2007 and respondent filed a return of writ and a supplemental return of writ.  Magistrate Judge Hogan issued his Report and Recommendation on Petitioner's claims on December 19, 2007.  In the Report and Recommendation, Judge Hogan found that Petitioner procedurally defaulted the claims raised in Grounds C, E, F, G, and H by failing to raise them in the state courts.  Judge Hogan further concluded that Grounds A, B, and I are without merit and should be dismissed with prejudice.  Judge Hogan found, however, that Petitioner should be afforded an evidentiary hearing on the claim raised in Ground D.  Judge Hogan concluded that Petitioner had made a colorable showing that trial counsel was ineffective by failing to present Petitioner a plea agreement offered by the prosecution five days before trial which would have permitted Petitioner to plead guilty to the lesser offense of either voluntary or involuntary manslaughter.  Judge Hogan noted that there was evidence in the record that the prosecution had offered such a plea agreement and that defense counsel had rejected it. In order to address the prejudice aspect of this ineffective assistance of counsel claim, Judge Hogan determined that an

3

evidentiary hearing is required to determine whether it is reasonably likely that Petitioner would have accepted the plea agreement.

Petitioner then filed timely hand-written objections to the Report and Recommendation (Doc. No. 55).  Any dispositive report and recommendation by a magistrate judge is subject to de novo review "of those portions of the report or specified proposed findings or recommendations to which objection is made." Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  In all candor, however, what is not illegible in Petitioner's objections is nearly completely unintelligible.  The Court concludes, therefore, that Petitioner has failed to raise any substantive or meritorious objections to the Report and Recommendation.  Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004)("The leniency granted to pro se petitioners . . . is not boundless."); Edwards v. Johns, 450 F.Supp.2d 755, 756 (E.D. Mich. 2006)(dismissing illegible and unintelligible habeas petition).  Accordingly, Petitioner's objections to Magistrate Judge Hogan's Report and Recommendation are not well-taken and are **OVERRULED.**

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendation to be correct.  Accordingly, the Court **ADOPTS** the Report and Recommendation.

It is hereby **ORDERED** that:

1. The claims raised in Grounds A, B, C, E, F, G, H, and I of Petitioner's habeas petition are **DISMISSED WITH PREJUDICE.**

2. This matter is **REMANDED** to Magistrate Judge Hogan to conduct an evidentiary hearing on Ground D of Petitioner's habeas petition, with further instructions that counsel be appointed to represent Petitioner at this hearing.

3. A certificate of appealability will not issue with respect to the claims that the Court has concluded are waived because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Moreover, a certificate of appealability will not issue with respect to the unwaived claims which have been dismissed on the merits because Petitioner has failed to make a substantial showing of the denial of a constitutional right. Petitioner remains free to request the issuance of a certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

4. With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to

appeal in forma pauperis.  See Fed. R. App. P. 24(a); Kincade v. Sparkman*,* 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date April 29, 2008              s/Sandra S. Beckwith
                                 Sandra S. Beckwith, Chief Judge
                                 United States District Court