UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James D. Sudberry,
    Petitioner

vs.                             Case No. 1:03cv537
                                  (Beckwith, C.J.; Hogan, M.J.)

Warden, Southern Ohio
Correctional Facility,
    Respondent

## REPORT AND RECOMMENDATION

This habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on respondent's "renewed motion to dismiss the petition as time barred," which respondent was granted leave to supplement (Docs. 63, 65; *see also* Doc. 76). In accordance with an Order issued September 12, 2008 (*see* Doc. 76), petitioner's counsel, who was appointed by the Court to represent petitioner at an evidentiary hearing, filed a memorandum on October 14, 2008 in opposition to the renewed motion to dismiss. (Doc. 78). Thereafter, petitioner filed his own *pro se* pleadings opposing respondent's motion. (Docs. 82, 85).[1] On October 31, 2008, respondent filed a reply to the memorandum submitted by petitioner's counsel (Doc. 83), as well as an additional supplement to the renewed motion to dismiss (Doc. 84). It now

---

[1] In addition, petitioner filed two *pro se* motions entitled "Religious Catholic Discovery Alternative Dispute Resolution" (Docs. 77, 80), which are difficult to understand but which are construed as requests to proceed in another forum for resolution of the issues raised in the petition. Petitioner filed two more *pro se* motions requesting that his appointed counsel be dismissed and that he be allowed to represent himself (Docs. 79, 81). In a separate Order issued this date, these motions (Docs. 77, 80, 79, 81) are DENIED.

appears that respondent's renewed motion to dismiss is ripe for disposition.

**Procedural Background**

Proceeding *pro se,* petitioner signed the instant federal habeas corpus petition on March 27, 2003, and submitted the petition for filing with an attached "Certificate of Probable Cause or Appeal" that was dated April 14, 2003. (*See* Docs. 1, 84). The petition, which was initially "received" for filing by the Clerk in Columbus, Ohio on May 19, 2003, was stamped by the Clerk in Cincinnati as "received" on May 20, 2003 and as "filed" on July 28, 2003. (*See* Doc. 1).

In the petition, petitioner challenges his murder conviction following a jury trial in the Butler County, Ohio, Court of Common Pleas, and his resulting prison sentence of fifteen (15) years to life, which was imposed on October 31, 2000. (*See id.*, p. 2; Doc. 37, Exs. 1-3). The facts giving rise to petitioner's conviction and sentence, the history of the direct appeal and delayed appeal proceedings in the state courts, and petitioner's stated grounds for federal habeas relief are set forth in detail in a prior Report and Recommendation filed in this case on December 19, 2007, which is incorporated by reference herein. (*See* Doc. 52, pp. 2-5).

The case, as it has continued to evolve during its pendency before this Court, has involved a convoluted procedural history which so far has inured to petitioner's advantage.

First, on September 29, 2003, respondent filed a motion to dismiss, arguing in part that the petition is barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (*See* Doc. 5). On February 20, 2004, the undersigned magistrate judge issued a Report and Recommendation, which was adopted in an Order and Judgment entered May 25, 2004, to deny the motion to dismiss on statute of limitations grounds; the Court ruled that the petition was timely after applying the Sixth Circuit's October 22, 2003 *en banc* decision in *Abela v. Martin,* 348 F.3d 164, 172 (6th Cir. 2003), *cert. denied,* 541 U.S. 1070 (2004), which overruled prior Sixth Circuit caselaw, *see, e.g., Miller v. Collins,* 305 F.3d 491, 494 (6th Cir. 2002) (citing *Isham v. Randle,* 226 F.3d 691, 692 (6th Cir. 2000), *cert. denied,* 531 U.S. 1201 (2001)), to extend the limitations tolling period to include the ninety (90) days in which petitioner could have filed a

petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's final decision denying petitioner's delayed appeal motion. (*See* Doc. 8, pp. 4-5; Docs. 14, 15). In addition, the Court ordered that the action be administratively stayed, as opposed to dismissed without prejudice, pending petitioner's exhaustion of the state post-conviction remedy arguably available to him to the extent his ineffective assistance of trial counsel claims "may be based on evidence outside the record." (Doc. 8, pp. 5-10; *see also* Docs. 14, 15).

Apparently in response to the February 20, 2004 Report and Recommendation, petitioner filed a *pro se* petition for post-conviction relief in the Butler County Common Pleas Court on April 19, 2004. (*See* Doc. 34, Exs. A-B).[2] Over two years later, in July 2006, petitioner filed a pleading essentially seeking to reinstate the instant action on the Court's active docket. (Doc. 29). On January 3, 2007, the Court granted petitioner's request and reopened the case; in so ruling, the Court excused the exhaustion requirement because of the Butler County court's "inordinate delay" in ruling on petitioner's post-conviction petition, which by that time had been pending for "well over two and one-half years." (Doc. 35).

In February 2007, respondent filed a return of writ and supplemental memorandum responding to the allegations contained in the petition that petitioner had filed nearly four years earlier; in these pleadings, respondent did not reassert the statute of limitations defense, and instead argued that petitioner's claims were barred from review based on petitioner's procedural default in the state courts. (*See* Docs. 37, 38). Thereafter, petitioner filed motions for discovery (Docs. 39, 40), which were granted in part on May 15, 2007; specifically, the Court ordered respondent "to file a supplemental return of writ . . . responding or otherwise relating to petitioner's allegations that the parties were involved in plea negotiations, which included a plea offer by the State," and also ordered petitioner's trial counsel, Ronald Morgan, Esq., to "submit an affidavit . . . responding to petitioner's allegations regarding his purported failure to 'follow through'" on the plea offer. (Doc. 42, p. 3).

On June 14, 2007, respondent filed a supplemental memorandum as directed

---

[2]Beginning in April 2004, petitioner also filed a series of motions pursuant to Ohio R. App. P. 26(B) with the Ohio Court of Appeals, Twelfth Appellate District, for reconsideration or reopening of his appeal. (*See* Doc. 37, Exs. 15, 17, 19). The court of appeals denied the motions as untimely, and petitioner did not pursue further appellate review by the Ohio Supreme Court in those proceedings. (*See id.,* Brief, pp. 4-6 & Exs. 16, 18, 20).

in the May 15, 2007 Order. (Doc. 45). Apparently, on July 20, 2007, the Butler County Common Pleas Court also finally issued a decision in the post-conviction proceeding that had been pending before it for over three years. The court denied the petition on the ground that it was "not timely filed."[3]

On December 19, 2007, the undersigned magistrate judge issued a 23-page Report and Recommendation addressing each of petitioner's grounds for relief. (Doc. 52). The Court recommended that (1) the petition be denied with prejudice, except for one claim alleged in Ground "(D)" that petitioner's trial counsel was ineffective when he failed to "follow through" with petitioner in responding to a plea bargain offered by the prosecutor five days prior to trial; and (2) the matter be remanded for evidentiary hearing on the remaining claim, as well as counsel appointed to represent petitioner at such hearing. (*See id.*).

Only petitioner filed objections to the Report and Recommendation. (*See* Doc. 55). On April 29, 2008, the Court overruled petitioner's objections, adopted the December 19, 2007 Report and Recommendation in its entirety, and remanded the matter for evidentiary hearing on Ground "(D)" with "further instructions that counsel be appointed to represent Petitioner at this hearing." (Doc. 62).

Three days later, on May 2, 2008, respondent filed the renewed motion to dismiss reasserting the statute of limitations defense. (Doc. 63). Soon thereafter, on May 13, 2008, counsel from the Ohio Public Defender's Office was appointed to represent petitioner in this case. (Doc. 66).

On September 11, 2008, the undersigned held a status conference by way of telephone conference call with counsel for both parties; per discussions held at that conference, an Order ensued on September 12, 2008, which among other things, required petitioner's counsel to file a brief responding to the renewed motion to dismiss by October 14, 2008, and respondent to file any reply to such brief by October 31, 2008. (*See* Docs. 75, 76). The additional briefs addressing the statute of limitations issue were submitted by counsel for both parties in accordance with that Order.

---

[3]This decision was discovered by the Court upon review of the Butler County Clerk's computerized docket records, which may be accessed by way of the internet.

4

# OPINION

## Petitioner's Remaining Claim Alleged In Ground "(D)" Of The Petition Should Be Dismissed With Prejudice Because The Petition Is Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

As the undersigned previously determined in addressing the first motion to dismiss filed by respondent (*see* Doc. 8, pp. 2-3), the applicable statute of limitations governing petitioner's claims for relief is set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' November 13, 2001direct appeal decision. *See* Rule II, Section 2(A)(1), Rules of Practice of the Supreme Court of Ohio. The statute commenced running on December 29, 2001, the day after the appeal period expired on December 28, 2001, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and ended one year later on December 29, 2002 absent application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,*

159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

In this case, petitioner filed a motion for delayed appeal with the Ohio Supreme Court on June 21, 2002 before the expiration of the limitations period, after the statute had run for 175 days. (*See* Doc. 8, p. 4). Although the filing of a motion for delayed appeal does not cause the statute of limitations to begin running anew, the pendency before the state courts of a "properly filed" delayed appeal motion does serve to toll the running of the statute under 28 U.S.C. § 2244(d)(2). (*See id.*) (citing *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.), *cert denied,* 534 U.S. 905 (2001)); *see also Miller,* 305 F.3d at 494.[4]

When the Court first received the instant petition for filing in May 2003, it was settled law in the Sixth Circuit that the statute of limitations is tolled under § 2244(d)(2) only during the time a delayed appeal motion is pending before the state courts, and that tolling thus does not extend to include the 90-day period in which the petitioner could have sought certiorari review of the state supreme court's denial of such a motion by the United States Supreme Court. *See, e.g., Miller,* 305 F.3d at 494 (quoting *Isham,* 226 F.3d at 695) ("§ 2244(d)(2) does not toll the limitations period

---

[4]In a later decision, *DiCenzi v. Rose,* 452 F.3d 465, 468 (6th Cir. 2006), the Sixth Circuit further held that because under *Searcy* "motions for delayed appeal toll the AEDPA statute of limitations under 28 U.S.C. § 2244(d)(2)" and are not "part of the direct appeal for purposes of 28 U.S.C. § 2244(d)(1)," a "motion for delayed appeal, *even if granted,* does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending." (Emphasis added).

6

to take into account the time in which a defendant could have potentially filed a petition for certiorari with the United States Supreme Court, following a state court's denial of post-conviction relief.").

Respondent filed the first motion to dismiss in September 2003. At that time, under *Isham* and *Miller*, the petition would have been subject to dismissal as time-barred because the statute of limitations, which had already run 175 days, would have commenced running again on August 1, 2002, and would have expired 190 days later on or about February 6, 2003, over a month and one-half before petitioner signed the petition on March 27, 2003.

However, on October 22, 2003, while respondent's motion to dismiss was pending before the Court for ruling, the Sixth Circuit issued its *en banc* decision in *Abela* overruling its prior stance on tolling as enunciated in *Isham* and followed in *Miller*. Although the *Abela* court recognized that *Isham* was "in line with a majority of our sister circuits," *see Abela*, 348 F.3d at 168-69 (and other circuit court cases cited therein), the majority nevertheless concluded that the 90-day period in which petitioner sought or could have sought United States Supreme Court certiorari review also had to be taken into account for tolling purposes. *Id.* at 172-73.

At the time the February 20, 2004 Report and Recommendation to deny respondent's first motion to dismiss was issued and adopted on May 25, 2004, *Abela* governed the resolution of the tolling question. In deciding the statute of limitations issue against respondent, it was assumed in the absence of "evidence to the contrary," that petitioner "filed" his petition by delivering it to prison authorities for mailing on March 27, 2003, the date he signed it.[5] (*See* Doc. 8, pp. 4-5). The Court ruled that the petition was not time-barred because the statute of limitations was tolled during the pendency of petitioner's delayed appeal motion from June 21, 2002 through the additional 90-day certiorari review period ending October 29, 2002; with 190 days remaining in the limitations period, the statute, therefore, did not expire until May 7, 2003. (*See id.*).

---

[5]Under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date for a federal habeas corpus petition is actually the date on which the *pro se* prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton*, 134 F.3d 109, 112-13 (3rd Cir. 1998); see also *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

*Abela* provided the controlling law on statutory tolling in the Sixth Circuit for only a relatively brief period of time. On February 20, 2007, less than two and one-half years after *Abela* was decided, the Supreme Court issued its decision in *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1082-85 (2007), adopting the position initially taken by the Sixth Circuit in *Isham*, as well by the majority of the circuit courts, thereby overturning *Abela*.[6] The Court reasoned in relevant part:

> Read naturally, the text of [28 U.S.C. § 2244(d)(2)] must mean that the statute of limitations is tolled only while state courts review the application. As we stated in *Carey v. Saffold*, 536 U.S. 214, 220 . . . (2002) (internal quotation marks omitted), a state postconviction application "remains pending" "until the application achieved final resolution through the State's post-conviction procedures." This Court is not a part of a "State's post-conviction procedures." State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a *federal* court. The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.

*Id.* at 1083 (emphasis in original).

Respondent's renewed motion to dismiss the petition as time-barred is based on the change in law effected by *Lawrence*. (*See* Doc. 63). Respondent argues that *Lawrence* should be applied here, despite the fact that the first motion to dismiss was denied based on *Abela*, because "*Isham* was the law in the Sixth Circuit" when petitioner filed the instant petition; it is respondent's position that petitioner "should not get the benefit" of *Abela*'s more favorable interpretation of tolling under § 2244(d)(2), which was inapplicable at the time he commenced the instant action and

---

[6]*See also Henderson v. Luoma*, No. 05-2542, 2008 WL 5046414, at *1 (6th Cir. Nov. 26, 2008) (unpublished) (*Lawrence* "effectively overturned the rule of law in *Abela*"); *Allen v. Bell*, 250 Fed.Appx. 713, 715 n.1 (6th Cir. Oct. 10, 2007) (not published in Federal Reporter), *cert. denied*, 128 S.Ct. 1661 (2008).

8

is inapplicable now under *Lawrence*. (*See id.*).

As an initial matter, the undersigned recognizes that although final judgment has not been rendered in the instant action, the Court previously issued a decision denying all but one of petitioner's claims for habeas relief with prejudice on the grounds that such claims are waived or lacking in merit. (*See* Docs. 52, 62). Therefore, the undersigned will assume, without deciding, that respondent may not reassert the statute of limitations defense with respect to those grounds for relief, which have already been denied with prejudice, albeit in a piecemeal fashion, in this case.

The undersigned finds, however, that respondent is not precluded from filing a second motion to dismiss to reassert the statute of limitations defense with respect to petitioner's sole remaining claim, which was remanded for evidentiary hearing and is yet to be decided.

First of all, no argument can be made that such claim, which remains unadjudicated, is barred from review under the doctrines of claim preclusion or *res judicata*. *Cf. Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502 (2001) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979)) ("Under the doctrine of res judicata, a *judgment on the merits* in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.") (emphasis added); *Waste Mgmt. of Ohio, Inc. v. City of Dayton*, 169 Fed.Appx. 976, 984 (6th Cir. Mar. 13, 2006) (not published in Federal Reporter) ("*Waste Mgmt.*") (quoting *Moore's Federal Practice* § 131.10[1][a] (3d ed. 2005)) ("[C]laim preclusion 'prevents a party from suing on a claim which has been previously litigated to final judgment by that party . . . and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'... Thus, for a party to invoke claim preclusion, there must be a final judgment and a *subsequent* litigation.") (emphasis in original).

Secondly, the law-of-the-case doctrine does not foreclose respondent from reasserting the statute of limitations defense with respect to the claim that remains pending for disposition on the merits in this case.[7] "Unlike the more precise

---

[7] In an unpublished decision issued in this District, the court determined that "orders pertaining to motions to dismiss do not constitute the law of the case." *Wilson v. Buckeye Steel Castings Co.*, No. 2:99cv1300, 2001 WL 1681130, at *4 (S.D. Ohio Sept. 25, 2001) (Sargus, J.)

9

requirements of res judicata, law of the case is an amorphous concept." *Arizona v. California,* 460 U.S. 605, 618 (1983). "As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id.*

Although "rigidly applied to enforce a lower court's obedience to a higher court," the law-of-the-case doctrine is "more flexibly applied to reconsideration of earlier decisions by the same court or a coordinate court." *Waste Mgmt.,* 169 Fed.Appx. at 985; *see also Gillig v. Advanced Cardiovascular Systems, Inc.,* 67 F.3d 586, 589 (6th Cir. 1995). At the lower or trial court level, the doctrine is "more appropriately characterized as a 'management practice' . . . and prejudgment orders can be reconsidered without restriction." *Waste Mgmt.,* 169 Fed.Appx. at 985; *see also Gillig,* 67 F.3d at 589.

Although reconsideration of prejudgment interlocutory orders is permissible, the doctrine of the law of the case "does cast an air of caution" on the court's exercise of its discretion. *Gillig,* 67 F.3d at 589. In the absence of "convincing reasons," a court generally will not revisit an issue previously decided by it in the litigation. *See id.* at 589-90.[8] An "intervening change of controlling law" has been recognized as a sufficient justification for the court's reconsideration of an earlier decision. *See, e.g., Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 Fed.Appx. 949, 959 (6th Cir. Feb. 6, 2004) (not published in Federal Reporter) ("Traditionally, courts will find justification for reconsidering interlocutory orders when there is . . . an intervening change of controlling law. . . ."), *cert. denied,* 543 U.S. 875 (2004); *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* Civil Action Nos. 5:02-571, 5:04-84, 2008

---

(citing *Farmer v. Rountree,* 252 F.2d 490, 491 (6th Cir.), *cert. denied,* 357 U.S. 906 (1958)). Here, the Court assumes, without deciding, that the law-of-the-case doctrine does set some limits on its discretion to reconsider an interlocutory Order denying a motion to dismiss.

[8]*See also Waste Mgmt.,* 169 Fed.Appx. at 985-86 (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988)) ("A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances."); *Static Control Components, Inc. v. Lexmark Int'l, Inc.,* Civil Action Nos. 5:02-571, 5:04-84, 2008 WL 4542735, at *9 (E.D. Ky. Oct. 3, 2008) (unpublished) ("where litigants have once battled for the court's decision, they should neither be required, *nor without good reason,* permitted to battle for it again") (emphasis added).

WL 4542735, at *9 (E.D. Ky. Oct. 3, 2008) (unpublished).[9]

The prior Order entered in this case on May 25, 2004 denying respondent's initial motion to dismiss and staying the case on exhaustion grounds constitutes an interlocutory Order, which this Court is permitted to reconsider. Moreover, justification exists for reconsideration of the decision to deny the motion to dismiss given the "intervening change in the controlling law" on statutory tolling by the Supreme Court in *Lawrence,* which calls into question this Court's prior ruling on the statute of limitations issue. The law-of-the-case doctrine cannot be applied under the circumstances of this case to insulate the prior ruling "from a subsequent decision by a superior court calling that ruling into question." *Kucharski v. Leveille,* 478 F.Supp.2d 928, 932 (E.D. Mich. 2007) (holding in a prisoner civil rights action that the law-of-the-case doctrine does not apply to preclude reconsideration of a prior order denying a motion to dismiss on statute of limitations grounds in light of an intervening change in the law by the Supreme Court which "called into question" the prior ruling), *vacated on other grounds,* 526 F.Supp.2d 768 (E.D. Mich. 2007).

Petitioner's counsel alternatively argues in the memorandum filed in opposition to respondent's renewed motion to dismiss that respondent has waived the statute of limitations defense at this juncture in the proceedings because (1) in the first motion to dismiss, respondent represented that the tolling period included the 90 days in which petitioner could have sought certiorari review of the Ohio Supreme Court's denial of his delayed appeal motion (*see* Doc. 5, p. 9); (2) respondent failed to object to the February 20, 2004 Report and Recommendation to deny the first motion to dismiss on statute of limitations grounds; and (3) respondent delayed 15 months after *Lawrence* was decided to file the renewed motion to dismiss. (*See* Doc. 78, pp. 6-9). The undersigned is not persuaded by any of these arguments.

First, the Court refuses to find that respondent's failure to object to the February 20, 2004 Report and Recommendation amounts to a waiver of the tolling issue raised

---

[9]*Cf. United States v. Moored,* 38 F.3d 1419, 1421-22 (6th Cir. 1994) (although the "law of the case doctrine and the mandate rule generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court," the trial court possesses the limited discretion to reopen such an issue in "very special circumstances," which include a "subsequent contrary view of the law by the controlling authority"); *see also Gould, Inc. v. United States,* 67 F.3d 925, 930 (Fed. Cir. 1995) (involving the government's attempt to relitigate an issue decided in a prior appeal in the same case).

in the renewed motion to dismiss. The renewed motion to dismiss is based on an intervening change in the law that did not occur until *Lawrence* was decided on February 20, 2007, three years after the Report and Recommendation issued.

The Court also is not persuaded that respondent has waived the tolling issue raised in the renewed motion to dismiss simply because, as respondent's current counsel concedes (Doc. 83, pp. 2-3), respondent "mistakenly allowed tolling for the 90 days following the denial of his motion for a delayed appeal" in the first motion to dismiss. This Court did not rely on respondent's "mistaken[]" calculations in deciding the issues raised in the first motion to dismiss and certainly would not have included the Supreme Court's certiorari review period in the tolling calculation if the law established in *Isham* or *Lawrence*, as opposed to *Abela*, controlled the resolution of the tolling question at that time. (*See* Doc. 8, pp. 3-5). Although the undersigned ultimately found, as respondent had incorrectly represented, that tolling included the 90-day certiorari review period, the determination was made solely on the basis of *Abela*, not respondent's calculations. (*See* Doc. 8, p. 4).

Finally, respondent's 15-month delay after *Lawrence* was decided in filing the renewed motion to dismiss does not trigger waiver concerns. By the time *Lawrence* was decided on February 20, 2007, respondent had already filed the return of writ and supplemental memorandum responding to the allegations contained in the habeas petition in accordance with an Order issued on January 3, 2007 reopening the case and ordering respondent to answer the petition. (*See* Docs. 35, 37, 39). Moreover, respondent had already filed a motion to dismiss the petition on statute of limitations grounds very early in the case, which had not been received favorably by the Court. In light of this history, it was reasonable for counsel not to revisit the statute of limitations issue as a possible procedural bar to review until after the Court issued its decision adopting the December 19, 2007 Report and Recommendation to deny all but one of petitioner's grounds for relief. The renewed motion to dismiss was filed within a week after that decision was rendered on April 29, 2008. (*See* Docs. 62, 63).

In any event, it is well-settled that although the statute of limitations is an affirmative defense, district courts are permitted to *sua sponte* consider the timeliness of a state prisoner's habeas petition as long as the parties are accorded "fair notice and an opportunity to present their positions." *May v. McDonough*, 547 U.S. 198, 209-10 (2006). Courts also have allowed respondents to belatedly raise a statute of limitations defense after the return of writ is filed in the absence of a showing that the respondent acted in bad faith or that the petitioner was unduly prejudiced by the delay.

*See, e.g., Simpson v. Jackson,* No. 2:06cv127, 2006 WL 3940577, at *8 (S.D. Ohio Oct. 20, 2006) (Abel, M.J.) (Report & Recommendation) (unpublished) (citing *Granberry v. Greer,* 481 U.S. 129, 136 (1987)); *see also Long v. Wilson,* 393 F.3d 390, 398-400 (3rd Cir. 2004). Mere inadvertence on the part of the respondent in failing to raise the defense at the first opportunity does not establish "bad faith" or undue prejudice to petitioner. *Long,* 393 F.3d at 399. Moreover, the petitioner's "frustrated expectation of not having an untimely habeas petition heard on the merits does not establish prejudice sufficient" to preclude the delayed raising of a statute of limitations defense. *Id.*

Here, it appears from the record that at best respondent's delay in filing the renewed motion to dimiss after *Lawrence* was decided was the result of inadvertence. Moreover, if anything, petitioner has benefited from respondent's delay in reasserting the defense that was previously rejected, because the Court has addressed all but one of petitioner's claims on the merits or on other procedural grounds despite the fact that the petition is clearly time-barred under *Lawrence.* Therefore, in the absence of any showing that respondent "'strategically' withheld the . . . defense or chose to relinquish it," as well as in the absence of a showing of undue prejudice to petitioner from the "delayed focus" on the limitations issue, the renewed motion to dismiss may be properly considered at this juncture in the proceedings. *Cf. Simpson, supra,* 2006 WL 3940577, at *8; *Brodeur v. Patrick,* No. Civ.A. 03-6092, 2005 WL 1126949, at *1 (E.D. Pa. May 10, 2005) (unpublished) (involving an over 17-month delay by the respondent in asserting the defense).

Petitioner's counsel contends in the memorandum filed in opposition to the renewed motion to dismiss that *Lawrence* does not preclude the tolling of the statute of limitations during the 90-day certiorari review period in this case, because petitioner's delayed appeal motion to the Ohio Supreme Court was not a state "collateral review" proceeding within the meaning of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2), but rather was part of petitioner's "direct appeal." (Doc. 78, pp. 10-12). However, as discussed earlier, *see supra* p. 6 & n.4, it is well-settled in the Sixth Circuit that a delayed appeal motion is considered an application for state collateral review for tolling purposes under § 2244(d)(2). *Searcy,* 246 F.3d at 519; *see also DiCenzi,* 452 F.3d at 468; *Miller,* 305 F.3d at 494.

As petitioner's counsel has pointed out in the memorandum submitted in opposition to the renewed motion to dismiss (*see* Doc. 78, p. 13), the statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,*

250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Before *Pace*, the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews*, 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap*, 250 F.3d at 1009; *Andrews*, 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. Petitioner's counsel argues that equitable tolling is justified because at the time petitioner filed the instant action, the law was unclear as to (1) whether a "motion for delayed appeal in the Ohio Supreme Court was part of the direct review," or a collateral review application that only served to toll the limitations period under 28 U.S.C. § 2244(d)(2); and (2) if such a motion could only be considered for tolling purposes, whether tolling included the 90-day period for seeking United States Supreme Court certiorari review. (Doc. 78, p. 13). In support of these arguments, counsel points out that in the return of writ, respondent's counsel incorrectly added the 90-day certiorari review period to the tolling calculation. (*Id.*, pp. 13-14). The Court disagrees with both of petitioner's contentions.

First, long before petitioner filed the instant action, the Sixth Circuit had ruled in published decisions that a delayed appeal motion cannot be considered part of direct review under 28 U.S.C. § 2244(d)(1)(A) to restart the running of the one-year

limitations period at zero, but rather can only be considered for tolling purposes under § 2244(d)(2). *See, e.g., Miller*, 305 F.3d at 494 (quoting *Isham*, 226 F.3d at 695); *Searcy*, 246 F.3d at 519. This rule of law, which was well-settled in the Sixth Circuit and indeed was followed by the Court in the February 20, 2004 Report and Recommendation to deny the initial motion to dismiss (*see* Doc. 8, p. 4), has remained unchanged and in effect to the present time. *Cf. DiCenzi*, 452 F.3d at 468.

Second, as discussed above, when petitioner signed the instant petition in March 2003 and submitted it for filing with the Court at the latest in May 2003, it was settled law in the Sixth Circuit that tolling under § 2244(d)(2) did not include the 90-day period in which a petitioner could have sought United States Supreme Court certiorari review of the Ohio Supreme Court's denial of a delayed appeal motion. *See Miller*, 305 F.3d at 494 (quoting *Isham*, 226 F.3d at 695). Petitioner is not entitled to equitable tolling to the extent he may have been unaware or ignorant of these published Sixth Circuit precedents which, in accordance with the majority of other circuit court decisions, governed the resolution of the tolling issue at that time. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir.) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("ignorance of the law alone is not sufficient to warrant equitable tolling"), *cert. denied*, 543 U.S. 865 (2004); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"), *cert. denied*, 538 U.S. 984 (2003).

Although respondent misrepresented the tolling period in the return of writ filed in September 2003, the controlling law was clear that tolling did not include the 90-day period for filing an application for Supreme Court certiorari review; therefore, it was unreasonable for petitioner to be unaware of the February 2003 deadline for filing a timely petition. *Contrast Henderson v. Luoma*, No. 05-2542, 2008 WL 5046414, at *2-4 (6th Cir. Nov. 26, 2008) (unpublished) (equitable tolling permitted for a petition found to be untimely under *Lawrence*, because when the petition was filed 19 months earlier, it was timely under the then-controlling Sixth Circuit en banc *Abela* decision); *Kucharski v. Leveille*, 526 F.Supp.2d 768, 773-75 (E.D. Mich. 2007) (on reconsideration of an Order in a prisoner civil rights action granting a motion to dismiss on statute of limitations grounds based on an intervening change in the controlling law, the court found equitable tolling was justified because the plaintiffs relied on Sixth Circuit precedents in effect when the complaint was filed, but later overruled, as to when the cause of action accrued).

15

Finally, petitioner has filed *pro se* pleadings apparently submitted in opposition to respondent's renewed motion to dismiss. (*See* Docs. 82, 85). Although these pleadings are difficult to follow, it appears that petitioner is requesting that the statute of limitations be equitably tolled as a matter of "fairness and justice." (Doc. 82, p. 4; Doc. 85, p.2). A procedural bar to review, including a statute of limitations bar, may be overcome if the petitioner demonstrates that a "fundamental miscarriage of justice" will occur, or in other words, that an alleged constitutional violation "probably resulted in the conviction of one who is actually innocent" if the claim is not considered on the merits. *See Souter v. Jones,* 395 F.3d 577, 599, 602 (6th Cir. 2005); *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). No such showing has been made in this case.

Here, the only claim remaining for review is the claim alleged in Ground "(D)," based on the alleged failure of defense counsel to obtain petitioner's response to a plea bargain offered five days prior to trial. This purported constitutional violation only arguably affected the sentence that was imposed, and played no part in the jury's assessment of petitioner's guilt or innocence on the murder charge. In the absence of any showing by petitioner that it is more likely than not that no reasonable juror would have found him guilty of murder, equitable tolling is not warranted in this case.

Respondent has pointed out in a supplement to the renewed motion to dismiss that petitioner could not have "filed" the instant petition by providing it to prison authorities for mailing before April 14, 2003, which was the date set forth on the "Certificate of Probable Cause or Appeal" that was attached to the petition. (*See* Docs. 1, 84). Regardless of whether the "filing" date of the petition was April 14, 2003 or March 27, 2003, petitioner failed to meet the deadline for filing a timely habeas petition, which was February 6, 2003 after taking into account statutory tolling under 28 U.S.C. § 2244(d)(2) based on the law in effect when the petition was filed and current law as established by the Supreme Court in *Lawrence.* Equitable tolling of the limitations period is not warranted in this case. Therefore, respondent's renewed motion to dismiss (Doc. 63) should be granted to the extent that petitioner's remaining claim for relief alleged in Ground "(D)" of the petition should be dismissed with prejudice as time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's renewed motion to dismiss the petition on statute of

limitations grounds (Doc. 63) be **GRANTED** to the extent that the remaining claim for habeas relief alleged in Ground "(D)," which was remanded for evidentiary hearing, should be **DISMISSED** with prejudice on the ground that it is time-barred.

2. A certificate of appealability should not issue with respect to petitioner's sole remaining claim alleged in Ground "(D)" of the petition, which this Court has concluded is procedurally barred from review on statute of limitations grounds because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000),"[j]urists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[10] In light of the Court's prior Order entered April 29, 2008 denying a certificate of appealability with respect to petitioner's other grounds for habeas relief (*see* Doc. 62, p. 5 ¶3), it is **FURTHER RECOMMENDED** that petitioner's pending motion for certificate of appealability filed May 5, 2008 (Doc. 64) be **DENIED.**

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/11/08
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\03-537grantMTD-sol-renewed.change-in-law-tolling.wpd

---

[10]Because this Court finds the first prong of the *Slack* standard has not been met, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack,* 529 U.S. at 484.

17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James D. Sudberry,
    Petitioner

vs.                                        Case No. 1:03cv537
                                           (Beckwith, C.J.; Hogan, M.J.)

Warden, Southern Ohio
Correctional Facility
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).