IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James D. Sudberry,           )
                             )
             Petitioner,     ) Case No. 1:03-CV-537
                             )
    vs.                      )
                             )
Warden, Southern Ohio        )
Correctional Facility,       )
                             )
             Respondent.     )

O R D E R

This matter is before the Court on Magistrate Judge Hogan's Report and Recommendation of December 11, 2008 (Doc. No. 86) and Petitioner James D. Sudberry's objections to the Report and Recommendation (Doc. No. 89). For the reasons that follow, Petitioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation. Ground D of Petitioner's petition for writ of habeas corpus is barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d). Accordingly, Respondent's motion to dismiss Ground D (Doc. No. 63) is well-taken and is **GRANTED**. Ground D of Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE. THIS CASE IS CLOSED.**

Magistrate Judge Hogan has once again thoroughly covered the intricate procedural history of this case. In summary, therefore, it is sufficient to state that Petitioner is

currently a prisoner at Southern Ohio Correctional Facility serving a term of 15 years to life imprisonment resulting from his murder conviction in the Butler County Court of Common Pleas. Petitioner is deemed to have commenced these habeas proceedings on March 27, 2003, when he submitted his papers to the prison authorities for mailing. Doc. No. 86, at 7 n.5. Petitioner's petition asserted nine assignments of error, set forth in Grounds A through I.

In a Report and Recommendation issued on December 19, 2007 (Doc. No. 52), Magistrate Judge Hogan concluded that Grounds A-C and E-I were either procedurally defaulted or without merit. Judge Hogan concluded, however, that Petitioner should have an evidentiary hearing on Ground D, which alleged that trial counsel was ineffective for failing to follow through on plea negotiations which would have allowed Petitioner to plead guilty to a lesser offense of either voluntary or involuntary manslaughter. The Court overruled Petitioner's objections, adopted the Report and Recommendation, and remanded the matter to Judge Hogan to appoint counsel for Petitioner and hold an evidentiary hearing on Ground D. Doc. No. 62.

Respondent first raised the issue of the statute of limitations in a motion to dismiss filed on September 29, 2003 (Doc. No. 5). As Judge Hogan explains in the current Report and Recommendation, at the time Petitioner filed his petition, the

2

law in the Sixth Circuit was that the § 2244 statute of limitations is not tolled during the 90-day period in which a prisoner can seek a writ of certiorari from the state supreme court's denial of a motion for a delayed appeal. After Respondent filed his motion to dismiss, on October 22, 2003, the Sixth Circuit issued its opinion in Abela v. Martin, 348 F.3d 164 (6th Cir. 2003). In Abela, the Court reversed prior circuit precedent and held that the statute of limitations is tolled during the time in which a prisoner can apply for a writ of certiorari. Id. Under that circumstance, Petitioner's petition was timely-filed because the statute of limitations expired on May 7, 2003. See Doc. No. 8, at 5. As Magistrate Judge Hogan further explains, however, on February 20, 2007, the U.S. Supreme Court issued its decision in Lawrence v. Florida, 549 U.S. 327 (2007). In Lawrence, the Court held that the time period for filing a petition for a writ of certiorari does not toll the § 2244 statute of limitations. Therefore, under Lawrence, the statute of limitations as to Petitioner's claims expired on February 7, 2003, about six weeks before the effective filing date of his petition.

In light of Lawrence, Respondent again raised the issue of the statute of limitations as applied to Ground D by way of a motion to dismiss filed on May 2, 2008. Doc. No. 63. In the current Report and Recommendation, Judge Hogan found that

Respondent appropriately reasserted the statute of limitations. Judge Hogan concluded that there was no issue of claim preclusion because Ground D was still unadjudicated. Furthermore, Judge Hogan found, the law-of-the-case doctrine does not apply to foreclose reassertion of the statute of limitations both because the doctrine is not rigidly applied when a court reviews its own decisions and because there was an intervening change in controlling law. Judge Hogan also concluded that Respondent had not waived the statute of limitations defense as to Ground D. In particular, Judge Hogan found that the 15 month delay between the issuance of Lawrence and the filing of the renewed motion to dismiss was reasonable because other grounds for dismissing all but one of the claims in the petition were already under consideration by the Court. Judge Hogan noted that Respondent renewed his motion to dismiss only one week after the Court adopted his December 19, 2007 Report and Recommendation. Finally, Judge Hogan noted that the district court may sua sponte raise the timeliness of a § 2244 petition as long as parties are given fair notice and an opportunity to present their positions. Day v. McDonough, 547 U.S. 198, 209-10 (2006); cf. Humphreys v. United States, 238 Fed. Appx. 134, 414 (6th Cir. 2007) ("Indeed, the district court may, sua sponte, dismiss a habeas petition as untimely[.]"). Judge Hogan concluded that Respondent's delay was inadvertent and, if anything, Petitioner benefitted from the

delay because the Court reviewed on the merits or on other procedural grounds claims that were clearly barred by the statute of limitations.

Judge Hogan concluded his analysis of the statute of limitations problem by determining that Petitioner is not entitled to equitable tolling of the statute of limitations. Judge Hogan noted that at the time Petitioner submitted his petition, it was settled law in this Circuit that the statute of limitations is not tolled during the writ of certiorari period. Judge Hogan further found that Petitioner's lack of education and legal training are not grounds for equitable tolling. Finally, Judge Hogan concluded that equitable tolling on the grounds of "fairness and justice" is not required because Petitioner failed to show a fundamental miscarriage of justice, i.e., a showing of actual innocence, if Ground D is not considered on the merits. In that regard, Judge Hogan reasoned that counsel's alleged failure to accept the plea bargain most likely would have only affected his sentence, but not the jury's assessment of his guilt or innocence on the murder charge.

Consequently, Judge Hogan recommended that the Court dismiss Ground D with prejudice as being barred by the statute of limitations. Judge Hogan further recommended that a certificate of appealability not issue and that Petitioner be denied leave to proceed in forma pauperis on appeal.

Although Judge Hogan appointed counsel to represent him on Ground D, Petitioner has elected to proceed pro se on his objections to the Report and Recommendation. See Doc. No. 90-3. While Petitioner has filed handwritten objections to the Report and Recommendation in a timely fashion, they largely are both unintelligible and illegible. He may, however, be contending that Lawrence should not be applied retroactively to find that Ground D is barred by the statute of limitations.

The Court reviews Magistrate Judge Hogan's Report and Recommendation de novo. Fed. R. Civ. P. 72(b).

Magistrate Judge Hogan correctly calculated the statute of limitations, including the period when Petitioner's claims were tolled while his motion for a delayed appeal was pending before the Supreme Court of Ohio. Magistrate Judge Hogan also correctly determined that the U.S. Supreme Court's decision in Lawrence applies in this case, even though it was issued after the Court ruled that the petition was timely under previous, but now overruled, Sixth Circuit precedent. See Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 97 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule"). It therefore

follows that Judge Hogan was correct in concluding that the statute of limitations was not tolled during the 90-day period for filing a petition for a writ of certiorari and that, as a result, the statute of limitations on the instant petition expired about six weeks before the date it was deemed filed.

Likewise, the Court agrees with Judge Hogan that Respondent did not waive the statute of limitations defense. Respondent preserved the defense by first raising it in his motion to dismiss. See Scott v. Collins, 286 F.3d 923, 927 (6th Cir. 2002) ("Because the § 2244(d) statute of limitations is an affirmative defense, Rule 8(c) of the Federal Rules of Civil Procedure requires that a party raise it in the first responsive pleading to avoid waiving it."), abrogated on other grounds by Day, 547 U.S. at 209-10. Although it would have been better practice for Respondent to bring Lawrence to the Court's attention as soon as possible after it was issued, the Court agrees with Judge Hogan that Petitioner was not prejudiced by the delay. As Judge Hogan aptly observed, Petitioner actually benefitted from the delay because clearly time-barred claims were reviewed on the merits.

Finally, the Court agrees with Judge Hogan that there are no grounds in this case for equitable tolling. As explained by the Sixth Circuit:

> The doctrine is used sparingly by federal courts. Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,

7

> 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Id. at 560-61. The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." Id.; cf. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." Graham-Humphreys, 209 F.3d at 561.

Jurado v. Burt, 337 F.3d 638, 642-43 (6th Cir. 2003). In determining whether equitable tolling applies, the trial court considers: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a petitioner's reasonableness in remaining ignorant of the notice requirement. McClendon v. Sherman, 329 F.3d 490, 495 (6th Cir. 2003).

Petitioner does not appear to contend that he did not have actual or constructive notice of the filing requirements of § 2244(d). For example, he seems to have accurately recited them in his objections to the Report and Recommendation. Moreover, as

8

Judge Hogan correctly stated, it was well-established at the time Petitioner originally filed his petition that the statute of limitations is not tolled during the pendency of the period for petitioning for a writ of certiorari. See Isham v. Randle, 226 F.3d 691 (6th Cir. 2000). The Court notes further that this case is distinguishable from Henderson v. Luoma, No. 05-2542, 2008 WL 5046414 (6th Cir. Nov. 26, 2008). In Henderson, the Court held that equitable tolling applied in light of the Supreme Court's decision in Lawrence because the petitioner's habeas petition was timely pursuant to Abela at the time it was filed. Id. at *3-*4. In contrast, in this case, Petitioner's habeas petition was not timely when he filed his petition under the law as it existed at the time. Indeed, it has only been the Court's erroneous interpretation of § 2244(d) in Abela that has permitted the case to proceed as far as it has. Additionally, the fact that Petitioner filed his petition approximately six weeks after the statute of limitations expired indicates that he did not exercise due diligence in asserting his rights. Compare with Dunlap v. United States, 250 F.3d 1001, 1010 (6th Cir. 2001) ("Petitioner's inability to explain why he did not file his third petition until over two months outside of the statute of limitations, more than fourteen months after his conviction was final, suggests a lack of due diligence."). Nothing in Petitioner's pleading suggests that he has any reasonable excuse for remaining ignorant of the

filing deadline.  In Turner v. Mills, 219 Fed. Appx. 425 (6th Cir. 2007), the Court observed that in other cases it has found the petitioner's ignorance of the filing deadline was reasonable where he relied on a court order indicating that he still had time to file or where the law was unsettled.  Id. at 430.  In this case, as already stated, the law concerning the filing deadline was settled at the relevant time, and there is no suggestion in the record that Petitioner was misled about the filing deadline.  Finally, because Petitioner has not made a showing on the other factors, the Court does not consider whether the Respondent would be prejudiced by allowing equitable tolling. Dunlap, 250 F.3d at 1009.

Lastly, Magistrate Judge Hogan concluded that Petitioner had failed to make a showing that he is actually innocent of the offense of conviction; thus, Petitioner is not entitled equitable tolling on that basis either.  A credible claim of actual innocence is an additional ground for equitable tolling of the statute of limitations.  Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005).  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  Id. at 590 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  Magistrate Judge Hogan concluded that it is not more likely than not that no reasonable jury would have found

10

Petitioner guilty beyond a reasonable doubt. The Court notes, however, that Petitioner has not claimed that he is actually innocent of the offense. Accordingly, the Court finds that actual innocence is not a basis for equitable tolling in this case.

In summary, for the reasons stated, Petitioner's objections to the Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The Court finds that Ground D of Petitioner's habeas petition is barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d). Accordingly, Respondent's motion to dismiss Ground D is well-taken and is **GRANTED.**

It is hereby **ORDERED** that:
1. The claims raised in Ground D of Petitioner's habeas petition are **DISMISSED WITH PREJUDICE** and that this case is closed upon the docket of the Court.
2. A certificate of appealability will not issue with respect to the claim that the Court has concluded is barred by the statute of limitations because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Petitioner remains free to request the issuance of a certificate

of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

3. With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED**

Date February 4, 2009                 s/Sandra S. Beckwith
                                      Sandra S. Beckwith
                           Senior United States District Judge